## JESSE CREACY V. THE STATE.

### No. 2945. Decided April 15, 1914.

**1.—Seduction—Continuance—Diligence.**

Where, upon trial of seduction, defendant's motion for continuance showed that he had used ample diligence to secure the absent witness whose testimony was material to his defense, the motion for new trial should have been granted.

**2.—Same—Letters—Evidence.**

Where the letters of prosecutrix were written so long after the alleged offense, and were not of sufficient importance, it was improper to introduce them in evidence.

Appeal from the District Court of Hopkins. Tried below before the Hon. Wm. Pierson.

Appeal from a conviction of seduction; penalty, not less than two nor more than three years imprisonment in the penitentiary.

The opinion states the case.

*D. Thornton,* for appellant.—On question of overruling motion for continuance: Nolen v. State, 88 S. W. Rep., 242.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of seduction. He was tried very soon after the indictment was found. He made a motion for a continuance on account of the absence of his witness Ed Sutton. We think the diligence was amply sufficient. He swore in his motion for continuance that he expected to prove by said witness that he, the witness, associated with the prosecutrix in a familiar way and on or about the night of January 28, 1911, and a number of times before and after that date he had sexual intercourse with her. In hearing appellant's motion for new trial on said ground, the State contested what said witness would swear and introduced evidence tending rather strongly to show that the witness would not swear that he had intercourse with said girl until June, 1912, and only twice thereafter. The State also introduced evidence tending, with more or less force, to show that said witness did not have intercourse with the girl at said times, even in June, 1912, and subsequently. The prosecutrix testified that the first act of intercourse with appellant was in January, 1911. By taking the testimony as a whole, without reciting it and without discussing it, we believe the appellant ought to have had an opportunity to have his witness Sutton present and testify in the case. The prosecutrix and others testified to such a state of facts as would show that the absent witness, at least, had the opportunity, if he did not commit the act.

Appellant vigorously contests the sufficiency of the evidence and of the corroboration of the prosecutrix. As the case must be reversed, we do not discuss these questions. It may be that on another trial, the

State can introduce other facts and circumstances and other evidence to corroborate the prosecutrix.

We think the letters of the prosecutrix proposed to be introduced, were inadmissible. They were so long after the alleged offense and of not sufficient importance to justify their introduction in evidence.

There are no other questions raised in such a way that we can consider them. For the error in refusing a continuance, or rather, in not granting appellant's motion for new trial because of the refusal of a continuance, the judgment is reversed and the cause remanded.

*Reversed and remanded.*